UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
FREEDOM MORTGAGE CORPORATION,

                              Plaintiff,

      -against-

ADRIAN GORDON,

                            Defendant.
-----------------------------------------------------------------------X

For Online Publication Only

**ORDER**
2:19-cv-00614-JMA-GRB

**FILED**
**CLERK**
11/18/2019 2:00 pm
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

      Plaintiff Freedom Mortgage Corporation ("Plaintiff") brought this diversity action against defendant Adrian Gordon ("Defendant") seeking to foreclose on a mortgage encumbering the property at 105 Pond Path, Lake Grove, NY 11755 (the "Subject Property"). (ECF No. 1.) Before the Court is Plaintiff's Motion for Default Judgment of Foreclosure and Sale against Defendant pursuant to Fed. R. Civ. P. 55 and New York Real Property Actions and Proceedings Law ("RPAPL") Article 13. (ECF Nos. 10, 11, 12.) Plaintiff requests that the Court: (1) grant Plaintiff's motion for default judgment pursuant to Fed. R. Civ. P. 55; (2) grant Plaintiff a Judgment of Foreclosure and Sale pursuant to RPAPL §§ 1351 and 1354; (3) appoint a referee to effectuate a sale of the mortgaged property and to disburse the funds from such sale pursuant to RPAPL § 1611 and Fed. R. Civ. P. 53; and (4) grant such other and further relief as the Court deems equitable, just, and proper. (ECF No. 12, at 8.) For the reasons stated herein, Plaintiff's motion is GRANTED, and Plaintiff is awarded damages and additional relief as described below.

# I. DISCUSSION

## A. <u>Defendant Defaulted</u>

Defendant was properly served in this action, but has not answered, appeared in this action, responded to the instant motion for default judgment, or otherwise defended this action.

## B. <u>Liability</u>

When a defendant defaults, the Court is required to accept all of the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. <u>Finkel v. Romanowicz</u>, 577 F.3d 79, 84 (2d Cir. 2009). However, the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law. <u>Id.</u>

Under New York law, "the plaintiff in an action to foreclose a mortgage [must] demonstrate: 'the existence of the mortgage and mortgage note, ownership of the mortgage, and the defendant's default in payment.'" <u>Gustavia Home, LLC v. Bent</u>, 321 F. Supp. 3d 409, 414 (E.D.N.Y. 2018) (citing <u>Campaign v. Barba</u>, 805 N.Y.S.2d 86 (N.Y. App. Div. 2005)). Here, Plaintiff appends to the complaint a Certificate of Merit Pursuant to CPLR § 3012-b which includes copies of the mortgage, the mortgage note, and the assignment of the mortgage to Plaintiff. (ECF No. 1-3.) Moreover, Plaintiff includes an affidavit from Dana Verrett, a specialist of Plaintiff, affirming that the mortgage is in default, and appending a copy of the notice of default sent to Defendant. (ECF No. 11-1, Ex. F.) This documentary evidence, together with the allegations in the complaint, sufficiently establish Defendant's liability. Thus, Plaintiff has established its right to foreclose upon the Subject Property and a judgment of foreclosure will be entered appointing Plaintiff's recommended Referee, Thomas J. Stock, Esq., to effectuate the sale of the Subject Property.

## C. Damages

In addition to foreclosure of the Subject Property, Plaintiff requests an award of monetary damages. "'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)). The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)).

Plaintiff seeks recovery of the Principal Balance of $382,598.40 owed by Defendant on the note and mortgage, together with interest on that amount at 3.625% per annum. Plaintiff also seeks recovery of various charges and disbursements due under the Note and Mortgage, amounting to $42,183.71. The Court finds that Plaintiff's submissions, including the exhibits attached to Plaintiff's complaint and the affidavit and attached exhibits from Dana Verrett, establish damages to a reasonable certainty. Accordingly, Plaintiff is awarded $424,782.11 in damages and $34,238.00 in interest on the Principal Balance calculated at 3.625% per annum from June 1, 2017 through the date of this Order (calculated at a per diem rate of $38.00).

## D. Attorneys' Costs

Plaintiff also requests an award of $785.00 in litigation costs incurred in litigating this action. (ECF No. 11-1, Ex. G.) Under both the note and the mortgage, Plaintiff is entitled to the recovery of attorneys' fees and costs in the event of a default. The Court has reviewed the

supporting documentation and finds the litigation costs detailed therein to be reasonable. Accordingly, Plaintiff is awarded $785.00 in litigation costs.

## II. CONCLUSION

For the reasons stated above, Plaintiff's Motion for a Default Judgment of Foreclosure and Sale against Defendant is granted. Plaintiff is awarded $424,782.11 in damages and $34,238.00 in interest on the Principal Balance (calculated at a per diem rate of $38.00 from June 1, 2017 through the date of this Order), together with $785.00 in litigation costs, for a total monetary award of $459,805.11. The Court will enter a Judgment of Foreclosure and Sale consistent herewith, at which time the Clerk of the Court will be directed to close this case.

**SO ORDERED.**

Dated: November 18, 2019
      Central Islip, New York

                                                        /s/ (JMA)
                                          JOAN M. AZRACK
                                          UNITED STATES DISTRICT JUDGE